**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| HUNTINGTON OPERATING CORP | } | |
| | } | |
| *Plaintiff*, | } | |
| v. | } | C.A. NO. H-08-0781 |
| | } | |
| SYBONNEY EXPRESS, INC. D/B/A/ J.P. | } | |
| TRANSPORTS, INC. ET AL. | } | |
| | } | |
| *Defendants*. | | |

## OPINION AND ORDER

Presently before the Court is Defendant Great American Insurance Company's (Great American) motion to dismiss (Doc. 32) pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). Upon review and consideration of this document, the response, reply, and supplement to response thereto, and relevant legal authority, the Court finds that this motion should be denied.

I.        Background and Relevant Facts

On December 12, 2008, Huntington Operating Corp. (Huntington), a perfume wholesaler, filed its First Amended Original Complaint for breach of contract against Great American, an insurance company. Huntington insists it is a beneficiary to an insurance contract between Sybonney Express, Inc. (Sybonney), a shipping company, and Great American. In the complaint, Huntington also states causes of action against Sybonney for common law fraud, negligence, negligent hiring, negligent supervision and negligent misrepresentation.

On April 29, 2006, Sybonney was transporting approximately $285,000 of Huntington's perfume from Miami to Houston. Great American provided cargo insurance to

Sybonney.  The shipment was allegedly stolen en route to Houston.  Subsequently, Huntington, attempting to recover the value of their stolen cargo, filed an insurance claim with Great American.  Huntington's claim was denied by Great American.

On September 19, 2008, this Court ordered a default judgment be entered for Huntington against Sybonney for $285,780.60.  Huntington then obtained an assignment from Sybonney of Sybonney's right and interest to any cause of action it has against Great American resulting from the shipment of the perfume.

On January 26, 2009, Great American filed the instant motion to dismiss arguing that Huntington lacks standing to enforce the insurance contract between Sybonney and Great American and consequently: (1) the Court lacks subject-matter jurisdiction and should dismiss the claim in accordance with 12(b)(1); and (2) Huntington has failed to state a claim upon which relief can be granted and, thus, their claim should be dismissed pursuant to 12(b)(6).  Great American further argues that Huntington did not properly plead Huntington's third party judgment creditor status.  In response, Huntington insists that it has standing to enforce the insurance contract and gave Great American proper notice.

II.        Discussion

The Court must initially determine if Huntington has standing to enforce a contract between Sybonney and Great American as standing is a threshold matter of jurisdiction. *See Rivera v. Wyeth-Ayerst Labs.*, 283 F.3d 315, 319 (5th Cir. 2002).  Lack of standing deprives the court of subject matter jurisdiction. *In re Weaver*, 632 F.2d 461, 463 n.6 (5th Cir.1980).

A.        Third Party Beneficiary

Under Texas law, a third party may recover on a contract made between other parties if the contract was intended to secure a benefit to the third party, and if the contracting

parties entered into the contract for the third party's benefit. *Stine v. Stewart*, 80 S.W.3d 586, 589 (Tex. 2002) (citing *MCI Telecomms. Corp. v. Texas Util. Elec. Co.*, 995 S.W.2d 647, 651 (Tex. 1999)).  The general presumption is that parties contract for themselves and not for the benefit of a third party. *MCI Telecomms. Corp.*, 995 S.W.2d 647.  A third party cannot enforce a contract if they received only an incidental benefit. *Stine*, 80 S.W.3d at 589 (citing *MCI Telecomms. Corp.*, 995 S.W.2d at 651)).

To be considered a third party beneficiary a party must demonstrate that they are either a donee or creditor beneficiary of the contract. *MCI Telecomms.*, 995 S.W.2d at 651.  A party is a donee beneficiary "if the performance promised will, when rendered, come to him as a pure donation." *Id.* Conversely, an agreement benefits a creditor beneficiary, "if performance will come to him in satisfaction of a legal duty owed to him by the promisee." *Id.*  "[A]n entity becomes a third party beneficiary to an insurance contract when it obtains a judgment against the insured; at that time, the entity becomes a third party judgment creditor." *P.G. Bell Co. v. U.S. Fid. & Guar. Co.*, 853 S.W.2d 187, 189 (Tex.App.--Corpus Christi 1993, no writ) (citing *Filley v. Ohio Casualty*, 805 S.W.2d 844, 847 (Tex. App.--Corpus Christi 1991, writ denied)).  Third party judgment creditors step into the shoes of the insured, and are bound by the rights, duties, and obligations of the insured according to the terms of the insurance contract between the insurance company and the insured. *P.G. Bell Co.*, 853 S.W.2d at 189 (citing *Filley*, 805 S.W.2d at 847).

In *P.G.*, Bell, a general contractor, entered into a contract with Superior, a subcontractor, to erect concrete slabs at a construction site. *P.G. Bell Co.*, 853 S.W.2d at 188.  Bell required Superior to obtain liability insurance.  *Id.*  Superior purchased insurance from USF & G and Centaur Insurance Company covering all sums Superior would become legally

obligated to pay for damages to covered Bell property.  *Id*.  Importantly, the insurance policy

stated:

> **Action Against Company** No action shall lie against the Company unless . . . the amount of the Insured's obligation to pay shall have been fully determined . . . by judgment against the Insured after actual trial . . . Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy.

*Id*. at 190.

Superior cracked one of Bell's slabs and was sued by Bell.  *Id*. at 188.  Bell took a

default judgment against Superior.  *Id*.  Neither insurance company paid the judgment.  *Id*.  Bell

sued the insurance companies for, amongst other things, breach of contract, asserting standing as

a third party beneficiary.  *Id*. USF & G moved for summary judgment, arguing, amongst other

things, that Bell did not state a valid cause of action against it.  *Id*. at 189.   The Court,

referencing the "Action Against Company" clause in the insurance contract and the default

judgment, held Bell to have standing to sue USF & G on account of Bell's status as a third party

judgment creditor. *Id*. at 190.

Similarly, Huntington obtained an order for default judgment against Sybonney

for the loss of their perfume. Moreover, language in the Sybonney-Great American insurance

contract mirrors provisions of the insurance contract in *P.G.* The Sybonney-Great American

insurance contract reads in part:

> . . . [T]he Company hereby agrees to *pay*, within the Limits of Liability hereinafter provided, *any shipper* or consignee for *all loss* of or damage to all property belonging to such shipper or consignee, and coming into the possession of the Insured in connection with such transportation service, for which loss or damage the *Insured* may be held *legally liable*, regardless of whether the motor vehicles, terminals, warehouses, and other

facilities used in connection with the transportation of the property hereby insured are specifically described in the policy or not . . .

Within the Limits of Liability hereinafter provided it is further understood and agreed that no condition, provisions, stipulation, or limitation contained in the policy or any other endorsement thereon or violation thereof, or of this endorsement by the Insured, shall affect in any way the right of any shipper or consignee, or relieve the Company from *liability* for the *payment of any claim* arising out of such transportation service for which the Insured may be held legally liable to compensate shippers or consignees . . .

*Huntington Operating Corp. v. Sybonney Express, Inc.*, No. H-08-0781 (S.D. Tex. filed Dec. 12, 2008) (plaintiff's first amended original complaint) (emphasis added).

When a default judgment order was entered against Sybonney, Huntington became a third party judgment creditor, standing in the shoes of Sybonney, giving Huntington standing to sue Great American for breach of contract.

B.  Sufficiency of Pleadings

The main function of pleading is to give the opposing party fair notice of the nature of plaintiff's claim by giving defendant a general indication of the type of litigation that is involved. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002).  The outcome of cases should not turn on mere technicalities of the rules. *See Conley v. Gibson*, 355 U.S. 41, 48 (1957). To dismiss a claim because plaintiff fails to state "magic words" is inconsistent with the liberal pleading requirement of Rule 8(a).  *Romine v. Acxiom Corp.*, 296 F.3d 701, 710 (8th Cir. 2002). In evaluating the sufficiency of the pleading, the district court is to construe the complaint in the light most favorable to the plaintiff and to take the allegations contained therein as true. *Scheuer v. Rhodes*, 416 U.S. 232 (1974); Rule 8(f), Fed.R.Civ.P.  To test a pleading's sufficiency, the court must determine whether the allegations in the complaint are informative enough to enable

the defendant to respond. *See Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999).

"While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out *in detail* the facts upon which he bases his claim," *Conley*, 355 U.S. at 47 (emphasis added), Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "The plaintiff need not set forth all the facts upon which the claim is based; rather, a short and plain statement of the claim is sufficient if it gives the defendant fair notice of what the claim is and the grounds upon which it rests." *Mann v. Adams Realty Co., Inc*., 556 F.2d 288, 293 (5th Cir. 1977). Ultimately, it is the discovery process that is to be used to fill in the details of the dispute. *See Swierkiewicz*, *534* U.S. at 512.

In its complaint, Huntington states a breach of contract claim against Great American arguing that it "is a beneficiary under the contract" between Sybonney and Great American. Great American argues this language is not sufficient to put Great American on notice that Huntington was pursuing the breach of contract claim as a third party judgment creditor.

Texas law recognizes three types of third party beneficiaries to a contract: (1) donee beneficiaries; (2) creditor beneficiaries; and (3) incidental beneficiaries. *Bruner v. Exxon Co., U.S.A.*, 752 S.W.2d 679, 683 (Tex. App.--Dallas 1988, writ denied). A third party judgment creditor is a species of a creditor beneficiary. *See Filley*, 805 S.W.2d 844; *P.G. Bell Co.*, 853 S.W.2d 187. Huntington must give a general indication of the type of litigation that is involved against Great American while avoiding blanket assertions of entitlement to relief. Therefore, this Court finds that by pleading itself as a beneficiary in pursuing a breach of contract claim,

Huntington gave sufficient notice to enable Great American to adequately respond.  It is during the discovery process that facts are uncovered to fill in the details of the dispute.  *See Swierkiewicz*, *534* U.S. at 512.

        C.       12(b)(1)

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) challenges the district court's subject matter jurisdiction.  It is well settled that a lawsuit must be dismissed if "the court lacks the statutory or constitutional power to adjudicate the case."  *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  A "[l]ack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001) (citing *Barrera-Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir.1996)).

In cases where a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is filed, the party seeking to litigate in federal court bears the burden of establishing jurisdiction.  *Id.*  The Fifth Circuit distinguishes between "facial" and "factual" attacks to subject matter jurisdiction.  *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).  If the defendant files a Rule 12(b)(1) motion without extrinsic evidence, the district court is simply required to evaluate the sufficiency of the allegations in the complaint as they are presumed to be true.  *Id.* at 523.  If those jurisdictional allegations are sufficient, the complaint stands.  *Id.*  If a defendant makes a "factual attack" to the district court's subject matter jurisdiction, the defendant submits affidavits, testimony, or other evidentiary materials with its Rule 12(b)(1) motion.  *Id.*  If the defendant makes a "factual attack," the plaintiff is "required to submit facts through some

evidentiary method and has the burden of proving by a preponderance" that the district court has subject matter jurisdiction.  *Id.*

Great American filed its 12(b)(1) motion along with the insurance contract between itself and Sybonney arguing that Huntington does not have standing to enforce the contract between Great American and Sybonney.  Therefore, Great American contends this Court lacks subject-matter jurisdiction to hear Huntington's breach of contract claim against Great American.

Great American has made a "factual attack" to this Court's subject matter jurisdiction, by submitting evidentiary materials with its Rule 12(b)(1) motion.  Huntington has met its response burden.  Huntington has provided to this Court an assignment document, outlining Huntington's right to sue Great American in place of Sybonney.  Furthermore, as previously discussed, Texas case law indicates that courts recognize a third party judgment creditor's ability to enforce a contract made between separate parties. *See P.G. Bell Co.*, 853 S.W.2d 187; *Filley*, 805 S.W.2d 844.  Thus, a 12(b)(1) motion to dismiss is improper.

D.    12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss a case for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of actions elements will not do.  *Bell Atlantic Corp.*, 550 U.S. at 555. A plaintiff must allege enough facts to state a claim to relief that is "plausible" on its face.  *Id.* at 1974.  However, a Rule 12(b)(6) motion to dismiss "is viewed with disfavor and is rarely granted."  *Kaiser Aluminum & Chem.*

*Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982).  Therefore, the complaint must be liberally construed in favor of the plaintiff, all reasonable inferences are to be drawn in favor of the plaintiff's claims, and all factual allegations pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986).  Nevertheless, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).  In ruling on a Rule 12(b)(6) motion, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

This Court "must examine the complaint to determine whether the allegations provide relief on any possible theory." *Ramming*, 281 F.3d at 161.  Because Texas law recognizes a third party judgment creditor's right to enforce a contract, Huntington has pled facts that possibly entitle it to relief. In its amended original complaint Huntington outlined its business relationship with Sybonney and Sybonney's relationship with its cargo insurer, Great American.  Moreover, Huntington pled it was a beneficiary of the contract between Sybonney and Great American.  In construing the complaint in favor of Huntington, all reasonable inferences are to be drawn in favor of the plaintiff's claims, and all factual allegations pleaded in the complaint must be taken as true.  Huntington has a possibility to recover under facts pled in the complaint.  Thus, a 12(b)(6) motion to dismiss will be denied.

III.        <u>Conclusion</u>

Accordingly, the Court hereby ORDERS that Defendant's Motion to Dismiss (Doc. 32) pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) is DENIED.

SIGNED at Houston, Texas, this 3rd day of August, 2009.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE